## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STARLIGHT STUDIOS, LLC**<br>　　　　**Plaintiff,**<br><br>**v.**<br><br>**MT. HAWLEY INSURANCE COMPANY**<br>　　　　**Defendant.** | **NUMBER: 23-2014**<br><br>**DISTRICT JUDGE**<br><br>**MAGISTRATE JUDGE** |

### HURRICANE IDA COMPLAINT

1. Complainant Starlight Studios, LLC respectfully files this Complaint against Mt. Hawley Insurance Company, alleging as follows:

### **PARTIES**

2. Starlight Studios, LLC (hereinafter "Starlight" or "Starlight Studios"), Complainant herein, is a limited liability company organized under the laws of the State of Louisiana. As Starlight will show in its forthcoming Rule 7.1 Corporate Disclosure Statement, Starlight Studios, LLC, it is a multi-member entity that is a citizen of the States of Florida, Louisiana, and Texas based on the residency of its members for the purpose of determining diversity of citizenship under 28 U.S.C. § 1332.

3. Made Defendant in Starlight Studios, LLC's Complaint is Mt. Hawley Insurance Company (hereinafter "Mt. Hawley"), an Illinois corporation which, on information and belief, maintains its principal place of business in the State of Illinois and is therefore a citizen of the State of Illinois for the purpose of determining diversity of citizenship under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court under diversity jurisdiction pursuant to 28 U.S.C. § 1332, as this matter involves parties that are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000.00.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## FACTS

6. Starlight Studios owns and operates a 50-acre site located at 13701 Old Gentilly Road, New Orleans, Louisiana 70129 (hereinafter "the Property" or "the Subject Property"), where the company maintains studios for film production – including for movies and television.

7. Among other projects, Fox 21's hit series "Queen of the South," Amazon's "Cloak & Dagger," USA network's "The Purge," a major motion picture "The Hunt," and Netflix series "Power" have all shot at Starlight Studios.

8. At all times relevant hereto, Defendant Mt. Hawley Insurance Company, under its Policy No: MCP0171344 (hereinafter "the Policy" or "the Insurance Policy"), provided Starlight insurance policy for the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water.

9. Defendant placed a valuation upon the covered Property and the contents therein and used this valuation for purposes of determining the premium charge to be made under the Policy at issue. The terms of the Policy are incorporated in their entirety by reference thereto as if set forth fully herein.

10. On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana as one of the most powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida made landfall as Category 4 Hurricane in Lower Lafourche Parish near Port Fourchon with maximum sustained wind speeds of 150 mph." A Category 4 storm with unprecedented winds, Ida caused major damage to buildings throughout Southeast Louisiana, including the greater New Orleans area and surrounding parishes throughout this District. "The widespread damage spread well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at hurricane strength into southwest Mississippi near McComb."

11. On or about August 29, 2021, Hurricane Ida damaged the exterior, interior, and roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and causing significant damage to and throughout the Property ("the Loss" or "Property Damage") which was covered under the Policy.

12. Immediately after the storm passed, Starlight began to assess the damage to the Property.

13. The Property and contents therein were significantly damaged by and suffered a diminution in value because of Hurricane Ida. These significant Hurricane Ida damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

14. On September 5, 2021, Starlight, through counsel, notified its insurance company, Mt. Hawley, of damage to the Property.

15. The Policy in place at the time had effective dates of coverage of June 12, 2021 to June 12, 2022.

16. Starlight maintains 2 purpose-built sound stages – identified as Stage 1 and Stage 2, which collectively feature 44,000 square feet of studio space and were damaged during Ida.

17. Upon notification of the Loss, Defendant inspected the Property.

18. On September 16, 2021, Mt. Hawley's assigned adjuster Steven Phillips with Engle Martin & Associates was sent to the property and conducted an inspection of the Property. Mr. Phillips was unable to inspect the roof at the time of this initial inspection.

19. On September 29, 2021, Chris Sanchez, P.E. performed an inspection of the Property on behalf of Mt. Hawley.

20. Defendant's inspections of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. § 22:1892 and § 22:1973.

21. On October 18, 2021, Mt. Hawley sent a letter to Starlight's counsel denying Starlight's claim for failure to meet the Named Storm Deductible.

22. Defendant's denial and/or adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property caused by Hurricane Ida.

23. As a result of Defendant refusing and/or failing to adjust the Claim fairly, Starlight hired counsel, and an expert adjuster was retained to inspect the Property and to document and estimate Property Damage and/or the Claim.

24. Plaintiffs' expert adjuster inspected the Property and created a report ("the Expert Report") documenting and detailing that the Property had been damaged by Hurricane Ida and the amounts were required to be paid by Defendant for repair, damages, and/or reimbursement.

25. Plaintiff has attempted to recover the full value of its covered damages and/or insurance proceeds due from Defendant to no avail.

26. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property and additional cost, lost revenue, and general and/or special damages to Plaintiff.

27. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted intentionally and/or negligently when it:

    a. Failed to timely tender proceeds due after having received satisfactory proof of loss;

    b. Misrepresented the terms and conditions of the Policy at issue;

    c. Conducted its investigation and claims handling in bad faith;

    d. Manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value;

    e. Failed to adequately pay for losses as required by the Policy; and/or

    f. Failed to include adequate overhead and profit in its estimates of damages.

28. Plaintiff has incurred additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

29. Plaintiff has incurred professional expenses, including expert fees and attorneys' fees, to prove that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

30. Starlight submits the denial was wrongful and that Mt. Hawley should be held liable for breach of contract for its breach of Starlight's insurance contract and failure to pay the damage owed under the Policy.

### Count 1 – Breach of Insurance Contract

31. Starlight incorporates by reference each of the above and foregoing allegations as if fully set forth herein.

32. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

33. At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

34. Upon information and belief, Defendant breached the Policy and/or insurance contract by intentionally and/or negligently:

    a. Failing to timely tender proceeds due after having received satisfactory proof of loss;

    b. Misrepresenting the terms and conditions of the Policy at issue;

    c. Conducting the investigation and claims handling in bad faith;

    d. Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

    e. Failing to adequately pay for losses as required by the Policy; and/or

    f. Failing to include adequate overhead and profit in its estimates of damages.

35. Plaintiff has suffered and continues to suffer general, special, and/or consequential damages because of Defendant's breaches of the insurance contract.

### Count 2 – Breach of the Duty of Good Faith

36. Starlight incorporates by reference each of the above and foregoing allegations as if fully set forth herein.

37. The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

38. Under La. R.S. § 22:1973, an insurer owes its insured a duty of good faith and fair dealing and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner that is arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

39. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

40. La. R.S. § 22:1892 imposes bad faith penalties on an insurer who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days, or fails to make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

41. Defendant is in violation of La. R.S. § 22:1973 and § 22:1892 for failing to provide Plaintiffs adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiff provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

42. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

43. Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously:

    a. Failing to timely tender proceeds due after having received satisfactory proof of loss;

    b. Misrepresenting the terms and conditions of the Policy at issue;

    c. Conducting the investigation and claims handling in bad faith;

    d. Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

    e. Failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statute;

    f. Failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim; and/or,

    g. Failing to include adequate overhead and profit in its estimates of damages.

44. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

45. Plaintiff has suffered and will continue to suffer general, special, and/or consequential damages because of Defendant's bad faith.

## DAMAGES

46. Starlight incorporates by reference each of the above and foregoing allegations as if fully set forth herein.

47. Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories:

    a. Breach of contract;

    b. Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special, and/or consequential damages, including but not limited to delayed and/or additional repair costs, lost revenue, inconvenience, and the incurrence of professional and/or expert fees; and/or

    c. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

48. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Underpayment and/or delayed payment of covered damages/repair costs;

    c. Actual repair costs, temporary repair costs, as well as increased repair costs;

    d. Loss of use;

    e. Lost revenue;

    f. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

    g. Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action;

    h. Other general, special, and/or consequential damages; and

    i. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## REQUEST FOR RELIEF

49. **WHEREFORE**, Plaintiff, Starlight Studios, LLC, respectfully requests that the Defendant, Mt. Hawley Insurance Company, be served with a copy of this Complaint and that after all legal delays it be required to answer same and after all proceedings, there be a judgment in favor of Plaintiff, Starlight Studios, LLC, and against Defendant, Mt. Hawley Insurance Company, for all damages this Court may find proper commensurate with its losses, in such sums the Court deems just, together with penalties, attorneys' fees, legal interest from date of judicial demand until paid, court costs, and all general and equitable relief this Court may find appropriate.

Date: June 9, 2023                              Respectfully submitted:

                                                            **ALVENDIA, KELLY & DEMAREST, LLC**

                                                            /s/J. Bart Kelly
                                                           **RODERICK "RICO" ALVENDIA (#25554)**
                                                           **J. BART KELLY, III (#24488)**
                                                           **JEANNE K. DEMAREST (#23032)**
                                                           **KURT A. OFFNER (#28176)**
                                                           **CASSIE P. GAILMOR (#33319)**
                                                           **JENNIFER L. KUECHMANN (#36886)**
                                                           **ISABEL C. GIBSON (#40607)**

**MICHAEL FINKELSTEIN (#35476)**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
t. 504.200.0000
f. 504.200.0001
bart@akdlalaw.com | michael@akdlalaw.com

*Attorneys for Plaintiff, Starlight Studios, LLC*